**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
HECTOR FUENTRES
On behalf of himself and all other similarly situated,

                               Plaintiff,

           -against-

VITTORIO AUTO BODY INC., and
VITT ARIO BOCCARDO and LUIGI BOCCARDO
In their individual capacity,

                               Defendants.
----------------------------------------------------------------X

**ORDER**

CV 16-3714 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has received and reviewed the September 30, 2016 letter from plaintiff's counsel seeking approval of the Notice of Pendency negotiated by the parties. *See* DE 13. Having carefully considered the contents of the Notice, the Court hereby approves the Notice of Pendency.

       However, an issue has arisen on which the parties do not agree. Plaintiff's counsel wishes to receive not only the name and address of the putative collective members, but she also seeks their telephone numbers. Counsel points out that "due to the migrant nature of the class delivery of Notice to the last known address is not always the best way to reach the class member." *Id.* Courts in this Circuit have addressed similar issues in other FLSA cases. *See. e.g.*, *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 465 (E.D.N.Y. 2014) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members."); *Bifulco v. Mortgage Zone, Inc.*, 62 F.R.D. 209, 217 (E.D.N.Y. 2009) (authorizing notice and the production of

employees' names, telephone numbers, and addresses); *Sherill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d. 344, 350 (W.D.N.Y. 2007) ("I agree that such information [name, last known address, telephone number and private e- mail address] of all potential members is essential to identifying prospective opt-in plaintiffs."); *Thompson v. World Alliance Financial Corp.*, No. CV 08-4951, 2010 WL 3394188, at *8 (E.D.N.Y. Aug. 20, 2010) (directing defendants to produce a computer-readable data file with the names, addresses and telephone numbers of potential opt-in members); *Hens v. Clientlogic Operating Corp.*, No. 05-CV-3818, 2006 WL 2795620, at *5 (W.D.N.Y. Sept. 26, 2006) (the name, last known mailing address, last known telephone number, work location, and dates of employment are "essential to identifying and notifying potential 'opt-in' plaintiffs, and should be disclosed").

Based on the applicable case law, the Court directs the defendants to produce the telephone numbers in addition to the names and addresses of the putative collective members.

**SO ORDERED:**

Dated: Central Islip, New York
      October 5, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge